# CHARLESTON.

STATE *v.* DATIS SHAHAN

(No. 5961)

Submitted November 22, 1927.   Decided November 29, 1927.

1. SEARCHES AND SEIZURES—*Warrant Issued by Justice of Peace Held Not to Authorize Search of Buildings or Places on Named Person's Premises in County Other Than Where Issued.*

   A warrant issued by a justice of the peace, authorizing the officer to whom it is directed to search the dwelling house of a certain person in the justice's district and county, naming them, and in the outbuildings adjacent thereto and occupied therewith and on the neighboring lands in said county, will not authorize the officer to search buildings or other places on the part of such person's farm lying in another county.

   (Searches and Seizures, 35 Cyc. p. 1268 [Anno].)

   (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Preston County.

Datis Shahan was convicted of possessing a moonshine still, and he brings error.

*Judgment reversed; new trial awarded.*

*Gibson & Mattingly,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

MILLER, JUDGE:

On an indictment charging him with owning, operating, maintaining, possessing and having an interest in a moonshine still, the defendant was tried in the circuit court of Preston

county, found guilty of the offense charged, and was sentenced to a term of two years and six months in the state penitentiary and adjudged to pay a fine of three hundred dollars.

The State's evidence was obtained by three officers who entered defendant's premises under authority of a search warrant issued by a justice of the peace for Reno District in Preston county, commanding any constable of Preston county to search "that certain dwelling house of Datis Shahan in Reno district of said county and in the outbuildings adjacent thereto and occupied therewith and in the neighboring lands in said county."

The officers found a wash boiler in a coal house on defendant's premises, about 20 to 30 feet from his residence, and in a sack, covered with fern leaves, about 100 to 125 yards from the residence, a coil and lid for the boiler, which three articles, in the opinion of the officers, constituted a complete still. Not far from the place where the lid and coil were found was a barn where, according to the testimony of one of the officers, there was evidence that the still had been in operation by use of an oil stove. Somewhere on the premises they found "two or three jars that had contained moonshine liquor, still had a few drops in them."

Defendant owned a farm of about one hundred acres, the deed to which was on record in both Preston and Tucker counties; and the proof conclusively shows that the barn and the place where the cap and coil were found were both located in Tucker county, some distance from the line running between the two counties. Objection was made to the introduction of the State's evidence, on the ground that it was obtained by unlawful search.

It will be noted that the search warrant only gave the officers authority to search in Preston county. Therefore, was not the search unlawful as to the articles found in Tucker county, and the evidence thereby obtained inadmissible?

While the warrant authorized the officers to make search of the outbuildings and in the neighboring lands adjacent to the dwelling house occupied by Datis Shahan, it did not authorize them to go without the confines of Preston county. They were limited by the warrant to search the premises

of defendant within that county.   Clearly their acts in searching the part of the farm lying in Tucker county was unwarranted, and therefore unlawful.

The search being unlawful, the evidence thereby obtained was inadmissible.   Only the boiler was found in Preston county.   That alone would not constitute sufficient evidence to convict defendant of owning, operating, maintaining, possessing or having an interest in a moonshine still.

There being not sufficient evidence to convict the defendant of any of the offenses charged in the indictment, the court should have given his instruction to find him not guilty.

The judgment will be reversed, the verdict of the jury set aside, and a new trial awarded the defendant.

*Judgment reversed; new trial awarded.*